**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Tammy HALLING, Defendant—
Appellant.**

No. 06–30377.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 7, 2007.

Filed May 16, 2007.

Marcia Good Hurd, Esq., USBI–Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Evangelo Arvanetes, Esq., FDMT–Federal Defenders of Montana, Great Falls, MT, for Defendant–Appellant.

Before: RYMER and GRABER, Circuit Judges, and RHOADES,* District Judge.

* The Honorable John S. Rhoades, Sr., Senior     United States District Judge for the Southern

MEMORANDUM **

Defendant Tammy Halling appeals her conviction, after a bench trial, of two counts of sexual exploitation of children in violation of 18 U.S.C. § 2251(a); one count of sexual exploitation of children in violation of 18 U.S.C. § 2251(b); one count of distributing child pornography in violation of 18 U.S.C. § 2252A(a)(2); and one count of forfeiture, 18 U.S.C. § 2253. The sole question in this timely appeal is whether the trial court erred in denying Defendant's Federal Rule of Criminal Procedure 29 motion for acquittal. In particular, Defendant argues that there was insufficient evidence that she employed, used, persuaded, induced, enticed, or coerced either her minor daughter M. or that daughter's minor friend J. to engage in the sexual conduct at issue; that is, she claims that she was merely a passive participant. Additionally, she asserts that one show involving M. did not involve sexual conduct.

We have reviewed the record carefully and are not persuaded by those arguments. Viewing the evidence in the light most favorable to the government, we conclude that a rational trier of fact could have found the essential elements of each of the crimes beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (stating legal standard). In particular, the trial court was entitled to believe the testimony of co-defendant Amber Halling. Her testimony, along with that of minors A., M., and J., established (for example) Defendant's presence and participation, through typing on the internet, in several "shows" involving simulations of oral sex between the minor J. and Amber. The evidence also showed that Defendant consented to, and was present for part of, the "show"

District of California, sitting by designation.

involving the minor M. and Amber during which M. was unclothed and Amber began to simulate an oral sex act. Those activities suffice to demonstrate that Defendant "used" the minors within the meaning of the relevant statutes. See United States v. Dhingra, 371 F.3d 557, 567–68 (9th Cir. 2004) (discussing meaning of sexual exploitation statutes).

AFFIRMED.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.